No. 743     August 5, 2026     59

***This is a nonprecedential memorandum opinion
pursuant to ORAP 10.30 and may not be cited
except as provided in ORAP 10.30(1).***

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

Laura Jo TOMMILA,
*Plaintiff-Appellant,*

*v.*

STATE OF OREGON,
by and through the Oregon Department of Transportation,
*Defendant-Respondent.*

Linn County Circuit Court
23CV37800; A189054

Thomas A. McHill, Judge.

Submitted June 12, 2026.

Adam C. Springer filed the brief for appellant.

Dan Rayfield, Attorney General, Paul L. Smith, Solicitor General, and Peenesh Shah, Assistant Attorney General, filed the brief for respondent.

Before Lagesen, Chief Judge, and Egan, Judge.*

LAGESEN, C. J.

Affirmed.

_____
\* Determined by a two-judge department as authorized by ORS 2.570(2)(b).

**LAGESEN, C. J.**

In this negligence case, plaintiff appeals a judgment of dismissal, assigning error to the trial court's grant of summary judgment in favor of defendant. We affirm.

Plaintiff was injured when her vehicle was involved in a crash with an Oregon Department of Transportation snowplow. At the time of the crash, plaintiff was traveling for work for a private employer. She received workers' compensation benefits for her injuries. She filed a negligence action against the state.

The state moved for summary judgment on the basis that plaintiff's claim was barred by ORS 30.265(6)(a). That provision of the Oregon Tort Claims Act states that "[e]very public body and its officers, employees and agents acting within the scope of their employment or duties *** are immune from liability for *** [a]ny claim for injury to or death of any person covered by any workers' compensation law." In response, plaintiff argued that that statute violated the Remedy Clause of Article I, section 10, of the Oregon Constitution and was therefore invalid as to plaintiffs injured while employed by a private employer. The trial court granted summary judgment in favor of defendant and entered a judgment of dismissal.

On appeal, plaintiff argues that *Crandall v. State*, 374 Or 699, 584 P3d 1197 (2026), controls this case. She argues that the holding of that case is that "ORS 30.265(6)(a) cannot constitutionally be applied to deny the remedy of recovery through a common-law negligence action to privately employed persons who are injured on the job by negligent state employees." She further argues that, as she "was injured on the job by a state employee she alleges to be negligent" her claim was erroneously dismissed.

The state responds by essentially not disputing plaintiff's description of the holding in *Crandall*, but by pointing out what it did *not* hold. *Crandall* held that ORS 30.265(6)(a) violated Article I, section 10, when it barred "claims against negligent employees" of the state. 374 Or at 715. It did not hold that the state had somehow waived its

own sovereign immunity, or that it could not constitutionally assert that immunity in circumstances like these.

We agree with the state. The Oregon Tort Claims Act represents the state's partial waiver of sovereign immunity. *See generally Horton v. OHSU*, 359 Or 168, 220-23, 376 P3d 998 (2016). Claims against the state itself—rather than a state employee—must conform to its terms to fall within that limited waiver. The Remedy Clause of Article I, section 10, comes into play when the state has extended immunity via statute, such as by extending immunity to state employees, in a way that deprives an injured person of a remedy within the meaning of that clause. One of the steps in Remedy Clause analysis is to determine whether the injured person would have had a remedy at common law for the injury alleged in their claim. And that step is where this case ends. Plaintiff did not file a negligence claim against one or more state employees such that she could not be deprived of a remedy, as the Supreme Court held in *Crandall*. She filed her claim against the state itself. "[T]he legislature's decision to leave the state's sovereign immunity in place to some extent does not violate Article I, section 10." *Crandall*, 374 Or at 715. When the state's government, or a division of it, is the defendant, a statutory limitation on the defendant's liability, "does not deny plaintiff any right he has against the [defendant] by virtue of the guarantee in Oregon Constitution Article I, section 10, because there never was such a right." *Hale v. Port of Portland*, 308 Or 508, 518, 783 P2d 506 (1989) (quoted with approval in *Crandall*, 374 Or at 715).

*Crandall* did not disturb the state's limitation on the waiver of its own immunity as provided in ORS 30.265(6)(a). Accordingly, we affirm the trial court's judgment.

Affirmed.